IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00704 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| B.L. KANODE, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Tyrone Shelton, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against correctional and medical staff at Green Rock Correctional Center ("Green Rock") and River North Correctional Center ("River North"), alleging that he was denied adequate medical treatment, subjected to cruel and unusual living conditions, and denied access to the grievance process. This matter is before the court on the motion to dismiss filed by defendants Anderson, Coleman, Crosby, Felts, Hall, Joyce, Kanode, McBride, Morton, Northrup, Richardson, Ridge, Sharpe, and Snow.[1] Having reviewed the pleadings, the court will deny the motion.

## I.

Shelton initially filed this action in November 2020. (*See* ECF No. 1.) Thereafter, the court granted Shelton leave to file an amended complaint, which he did on January 24, 2022.[2] (*See* ECF Nos. 49 and 51.)

---

[1] The court previously granted the motions to dismiss and for summary judgment of defendants Dr. Wang, Nurse Cobbs, Warden Davis, and Health Services Director Dillman. (*See* ECF Nos. 85 & 86.)

[2] Shelton's amended complaint replaced his original complaint and all prior amendments and constitutes the sole complaint in this action. (*See* ECF No. 49.)

In his amended complaint, Shelton alleges that, while he was incarcerated in the Virginia Department of Corrections ("VDOC") from 1991 to 2011, he had a history of bunion and hammertoe issues with his feet. Shelton states that he consequently "received [] special boots every year up until he was released" from incarceration in July 2011. (Am. Compl. at 5 [ECF No. 51].) Shelton re-entered the VDOC in September 2018 and alleges that he was subsequently denied adequate medical treatment for his feet issues, subjected to cruel and unusual living conditions, and denied access to the grievance process during his incarceration at River North and Green Rock from November 2019 through December 2021.

All of Shelton's allegations against the remaining defendants in this action accrued in 2021. (*See* Am. Compl. at 15−23.) Shelton alleges that, beginning in May 2021 and continuing on subsequent dates through December 2021, the defendants placed him in the restricted housing unit and told him that he would remain there until he gave up his Crocs shoes; that they deprived him of many meals because he was denied entry to the dining hall as a result of not wearing proper shoes; that the defendants denied him access to the prison boulevard because he was not wearing proper shoes; that they confiscated his sneakers; and that certain defendants ignored his pleas for help.

In the present motion to dismiss, the defendants argue that it is apparent from the face of Shelton's amended complaint that he failed to exhaust administrative remedies as to the claims against them "*prior to filing this lawsuit.*" (ECF No. 80 at 2 (emphasis in original).) The defendants argue that, because this action was initially filed in 2020 and all the claims against them accrued in 2021, he could not possibly have exhausted administrative remedies before filing this lawsuit.

- 2 -

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

## III.

The defendants argue that because Shelton's claims against them accrued in 2021 and he filed this action in 2020, it is clear from the face of the amended complaint that he did not exhaust administrative remedies before filing the action and, therefore, that the court should dismiss Shelton's claims against them. The court disagrees and will deny the defendants' motion to dismiss.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter* 534 U.S. at 532. A prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action. *See Germain v. Shearin*, 653 F. App'x 231, 234 (4th Cir. 2016); *French v. Warden*, 442 F. App'x 845, 846 (4th Cir. 2011). And a plaintiff cannot cure an original failure to exhaust administrative remedies by exhausting administrative remedies after the action was filed and then filing an amended complaint. *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

"If, however, new claims arise after an original complaint is filed, those claims are not subject to dismissal for failure to exhaust administrative remedies if the plaintiff exhausts his administrative remedies on those claims and then includes them in an amended complaint." *Wright v. Lassiter*, No. 1:18cv90-MR, 2020 U.S. Dist. LEXIS 146394, at *23, 2020 WL 4734413 (W.D.N.C. Aug. 12, 2020) (citing *Kessler v. Vaughn*, No. 1:15cv735 (GBL/JFA), 2016 U.S. Dist. LEXIS 173217, 2016 WL 7238810, at *6 (E.D. Va. Dec. 13, 2016) and *Malouf v. Turner*, 814 F. Supp. 2d 454, 456 (D.N.J. 2011)); *see also Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017) (holding that "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim"); *Boone v. Nose*, 530 F. App'x 112, 113 n.1 (3d Cir. 2013) ("Under the Prison Litigation Reform Act, prisoners may file supplemental complaints if the claims in question 1) have truly accrued since the beginning of the suit and 2) are exhausted per 42 U.S.C. § 1997e(a) before the supplement is filed."); *Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (PLRA's exhaustion requirement was satisfied for new claims raised in amended complaint which arose

after original complaint was filed where administrative remedies for new claims were exhausted before the amended complaint was filed); *Ortiz v. Solomon*, No. 5:15-CT-3251-FL, 2018 U.S. Dist. LEXIS 9584, at *8 (E.D.N.C. Jan. 22, 2018) ("If there is one properly exhausted claim when the original complaint is filed, additional claims in the amended complaint are considered exhausted as long as exhaustion took place before the amended complaint is filed.").

An inmate does not need to demonstrate exhaustion of administrative remedies in his complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (holding that inmates "need not plead exhaustion, nor do they bear the burden of proving it" (internal quotations and citations omitted)). "Instead, failure-to-exhaust is an affirmative defense that the defendant must raise." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (citing *Jones*, 549 U.S. at 216). As an exception to this rule, a court may dismiss a complaint "when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Id.* Exhaustion is an appropriate basis for dismissal when "all facts necessary to the affirmative defense 'clearly appear [] on the face of the complaint.'" *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

In this case, it is clear from the face of the amended complaint that Shelton did not exhaust administrative remedies as to his claims against the remaining defendants *prior to filing this action*. It would have been impossible because the alleged violations had not even occurred at the time he filed this action. But Shelton was not required to exhaust claims that had not yet arisen at the time the original suit was filed. Therefore, the court agrees with other courts

who have determined that claims that accrued after the filing of the original complaint may proceed if they are exhausted before the filing of an amended complaint bringing them into the action. Shelton's amended complaint establishes neither his success nor failure in exhausting his administrative remedies.[3] Accepting the factual allegations of Shelton's amended complaint as true and drawing all reasonable inferences in his favor, as the court must at this stage, the court is compelled to conclude that the defendants have not met their burden of showing Shelton failed to exhaust his administrative remedies.

## IV.

Accordingly, the court will deny the defendants' motion to dismiss.

The Clerk shall send copies of this memorandum opinion and the accompanying order to the parties.

**ENTERED** this 27th day of March, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] Shelton states in his amended complaint that he filed grievances regarding the facts of the amended complaint, but it is not clear whether he exhausted all available administrative remedies. (Am. Compl. at 1.)