IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00704 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| B.L. KANODE, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Tyrone Shelton, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against correctional and medical staff at Green Rock Correctional Center ("Green Rock") and River North Correctional Center ("River North"), alleging that he was denied adequate medical treatment, subjected to cruel and unusual living conditions, and denied access to the grievance process. This matter is before the court on the second motion to dismiss of defendants Anderson, Coleman, Crosby, Felts, Hall, Joyce, Kanode, McBride, Morton, Northrup, Richardson, Ridge, Sharpe, and Snow.[1] Having reviewed the pleadings, the court will deny the defendants' motion.

**I.**

Shelton initially filed suit in November 2020. (*See* ECF No. 1.) On November 24, 2020, the court received the complaint and conditionally filed the action. (ECF Nos. 1 & 2.) In the

---

[1] The court previously denied these defendants' motion to dismiss Shelton's amended complaint on the basis of failure to exhaust administrative remedies. (*See* ECF Nos. 107 & 108.) The court also previously granted the motions to dismiss and for summary judgment of defendants Dr. Wang, Nurse Cobbs, Warden Davis, and Health Services Director Dillman. (*See* ECF Nos. 85 & 86.)

conditional filing order, the court noted that Shelton had not prepaid his filing fee and advised him

> that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and, as of May 1, 2020, a $50.00 administrative fee, if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff is advised that if plaintiff has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit plaintiff's ability to file new cases without prepaying the full $400.00 in filing costs. If plaintiff believes that this case, or any other pending case, may be dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, plaintiff may file a motion for voluntary dismissal of such case(s) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

(ECF No. 2, at 2−3.) On January 4, 2021, Shelton submitted his consent to fee form in order to be granted *in forma pauperis* status. (ECF No. 5.) And on January 7, 2021, the court granted Shelton leave to proceed *in forma pauperis* and served this action on the defendants. (ECF No. 7.)

## II.

Under the "three-strikes provision" of the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action or appeal without prepaying the filing fee or demonstrating that he is under imminent danger of serious physical injury if, while incarcerated, he has filed three actions or appeals that were dismissed as frivolous, malicious, or because they failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). This provision is mandatory. *See Blakely v. Wards*, 738 F.3d 607, 619 (4th Cir. 2013) (describing §1915(g) as "mandatory"). A dismissal for one of these reasons, regardless of whether it is

with or without prejudice, counts toward the three strikes. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).

The defendants filed a motion to dismiss this action, arguing that Shelton has brought at least three civil actions that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief could be granted, and he has not demonstrated that he is under imminent danger of serious physical injury at the time he filed this action. The defendants assert that Shelton does not qualify for *in forma pauperis* status in this case because he is a "three-striker" and, consequently, they ask the court to revoke Shelton's *in forma pauperis* status. Further, because Shelton did not prepay the filing fee, the defendants argue that the court should dismiss his complaint under § 1915(g).

### III.

As it stands today, Shelton is a three-striker under § 1915(g). But it is not apparent that he was a three-striker at the time he filed this action nearly three years ago, and, therefore, the court cannot conclude that he did not qualify for *in forma pauperis* status. Accordingly, the court will deny the defendants' motion.

The defendants argue that Shelton has five strikes: (1) *Shelton v. Huffman, et al.*, Civil Action No. 7:97cv692 (dismissed under *Heck* and *Balisok*) (W.D. Va. Nov. 24, 1997); (2) *Shelton v. Finkbeiner, et al.*, Civil Action No. 7:03cv123 (dismissed for failure to state a claim) (W.D. Va. Nov. 26, 2003); (3) *Shelton v. Johnson, et al.*, Civil Action No. 7:05cv630 (dismissed as unexhausted under 42 U.S.C. § 1997e(a)) (W.D. Va. Nov. 4, 2005); (4) *Shelton v. Iqbal, et al.*, Civil Action No. 7:21cv32 (dismissed for failure to state a claim) (E.D. Va. Feb. 4, 2021); and (5) *Shelton v. Walrath, et al.*, Civil Action No. 7:19cv1596 (dismissed for failure to state a claim)

(E.D. Va. Mar. 30, 2021).[2] Two of those strikes, cases (4) and (5) (Civil Actions No. 7:21cv32 and 7:19cv1596), were issued *after* Shelton filed this action, and therefore, do not count as strikes in determining his ability to proceed in forma pauperis in *this* case. As to the three other purported strikes, the court concludes that at least one of these cases does not count as a strike and, therefore, the court cannot conclude that Shelton was a three-striker at the time he filed this action.

It is clear that case (2) (Civil Action No. 7:03cv123) does count as a strike. The court dismissed that case on November 26, 2003, under 28 U.S.C. § 1915A(b)(1) after concluding that Shelton's allegations failed to state a claim under § 1983.

Whether case (1) (Civil Action No. 7:97cv692) counts as a strike is less clear. The court dismissed that case on November 24, 1997, under § 1915A(b)(1) after concluding that Shelton's claims were "more appropriately filed as a petition for a writ of habeas corpus" and that his request for damages had not yet accrued under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). *See Shelton v. Huffman, et al.*, Civil Action No. 7:97cv692 (Mem. Op. at 2 [ECF No. 6]). The Fourth Circuit recently noted that, "[w]hether a *Heck*-based dismissal qualifies as a "strike" under § 1915(g). . . is a difficult enough question that the federal courts of appeals are divided on the answer." *Pitts v. South Carolina,* 65 F.4th 141, 148 n.3 (4th Cir. Apr. 13, 2023) (*citing Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723-24 (2020) (recognizing and leaving open circuit split). As the Fourth Circuit did not take a position on whether a *Heck*-based dismissal counts as a strike in *Pitts*, this court need not make that

---

[2] The defendants initially asserted that Shelton had four strikes (cases (1), (2), (4), & (5)), but they later submitted evidence of a purported fifth strike (case (3)). (*See* ECF Nos. 110 & 119.)

determination either because Shelton's remaining purported strike, case (3) (Civil Action No. 7:05cv630), does not count. As such, with or without case (1), Shelton did not have three or more strikes at the time he filed this action.

Defendants argue that case (3) (Civil Action No. 7:05cv630) is a strike. The court disagrees. The court dismissed that case on November 4, 2005, under 42 U.S.C. § 1997e(a) after concluding that it was clear that Shelton did not exhaust administrative remedies before filing that action. A routine dismissal on exhaustion grounds is not a strike for purposes of the PLRA. *Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006). The Fourth Circuit noted that "routine" dismissals for failure to exhaust were "typically dismissals arising in cases where the prisoner's claims have been presented to a court for the first time." *Id.* The court further stated, however, that

> [n]othing in [its] opinion should be understood as limiting a district court's discretion in non-routine cases, where evidence of frivolousness or malice exists beyond the mere fact that exhaustion has not been obtained. For example, if a district court dismisses a complaint on exhaustion grounds and the prisoner, without exhausting his remedies, files another complaint seeking relief for the same conduct alleged in the original complaint, the district court could conclude that the second complaint was frivolous or malicious and thus qualifies as a strike under § 1915(g). This is but one example, and there may well be other situations where the circumstances would warrant treating as a strike a dismissal of an action filed by a prisoner who did not first exhaust his administrative remedies. Routine dismissals based solely on the fact that exhaustion has not occurred, however, do not qualify as strikes under § 1915(g).

*Id.* at 409−10. The court does not find, and defendants have not pointed to, any evidence of frivolousness or malice in case (3). As such, the court concludes that case (3) was a routine dismissal based on exhaustion and, thus, does not count as a strike.

Because Shelton did not have three strikes when he filed his complaint in this action in November 2020, the court concludes that he is entitled to *in forma pauperis* status and that he is not barred from bringing this action under § 1915(g).

## IV.

For the reasons discussed, the court will deny the defendants' motion to dismiss.[3]

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 28th day of August, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] Shelton has also filed multiple motions to supplement his amended complaint. (*See* ECF Nos. 88, 94, and 116.) In his motions, Shelton seeks to add new defendants and new claims. Upon consideration of his motions and Rule 15(a) of the Federal Rules of Civil Procedure, the court will deny Shelton's motions to supplement without prejudice due to his attempts to construct his complaint piecemeal. The court will, however, give Shelton 21 days to file a second amended complaint which must be a new pleading that stands by itself without reference to a complaint, attachments, documents, or amendments already filed. The second amended complaint must clearly state the name of each defendant and clearly explain how each defendant violated Shelton's federal rights. The second amended complaint must conform to the joinder rules and Rules 8 and 10 of the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. The second amended complaint will replace his original and amended complaints and will constitute the *sole* complaint in this action. The court notes that only claims properly related to the current defendants, facilities, and claims will be allowed to proceed in this action. To the extent Shelton seeks to bring claims against separate defendants at separate facilities, he should file those claims in a separate civil action. If Shelton's proposed second amended complaint fails to comply with this directive, the court will proceed with this action based on Shelton's amended complaint (ECF No. 51).